UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES LONSDALE,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>LEMUS, Warden, et al,<br><br>　　　　　　　　Respondents. | Case No.: 25cv1223-AJB (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE** |

　　　　Petitioner, a pretrial detainee incarcerated at the San Diego County Jail proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 along with a request to proceed in forma pauperis. (ECF Nos. 1-2.) Petitioner claims that his legal mail has been tampered with resulting in his failure to timely receive a January 18, 2023, Order in So.Dist.Cal. Civil Case No. 22cv0390-TWR (JLB), granting in part and denying in part defendants' motion to dismiss his civil action and ordering Petitioner to show cause why the action should not be dismissed for failure to prosecute. (ECF No. 1 at 1-3.) He claims that as a result, that case was dismissed for failure to prosecute in violation of his due process rights, and he continues to be incarcerated in violation of his First Amendment right to the free exercise of his religious beliefs which amounts to cruel and unusual punishment in violation of the Eighth Amendment, conditions he was challenging in that other case. (*Id.* at 4-5.)

Based on a review of Petitioner's financial affidavit, the Court **GRANTS** his application to proceed in forma pauperis and allows him to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

However, the Petition is subject to dismissal for lack of jurisdiction because Petitioner is challenging the dismissal of a civil action in which he challenged the conditions of his confinement rather than the duration of his incarceration. The Ninth Circuit has long held that the "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement" and does not cover claims based on allegations "that the terms and conditions of . . . incarceration constitute cruel and unusual punishment." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). A prisoner's claim is at "the core of habeas corpus" if it "goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that an action sounds in habeas "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Skinner v. Switzer*, 562 U.S. at 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement. Where the prisoner's claim would not necessarily spell speedier release, however, suit may be brought under § 1983.") (citation and quote marks omitted); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487.

If it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, Rules Governing Section 2254 Cases (2019); *see also id.*, R. 1(b) (permitting district courts to apply the 2254 Habeas Rules to § 2241 habeas

proceedings). The Court lacks habeas jurisdiction over Petitioner's challenge to the conditions of his confinement at the San Diego County Jail or over the dismissal of his civil case in So.Dist.Cal. Civil Case No. 22cv0390-TWR (JLB) in which he challenged those conditions. The dismissal of this action is without prejudice to Petitioner to attempt to seek relief from final judgment in So.Dist.Cal. Civil Case No. 22cv0390-TWR (JLB) based on the allegations in this petition that he did not receive notice of the order to show cause.

Petitioner's Motion to proceed IFP is **GRANTED** and the Petition is **DISMISSED** for lack of habeas jurisdiction without leave to amend. The Clerk of Court will enter final judgment and close the case.

**IT IS SO ORDERED.**

Dated: June 19, 2025

Hon. Anthony J. Battaglia
United States District Judge